**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE:

DOUG LONGHINI,

    Plaintiff,

v.

FRIT SHOPS AT SUNSET PLACE FEE OWNER, LLC,

    Defendant.
_____/

## COMPLAINT

Plaintiff, DOUG LONGHINI, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues FRIT SHOPS AT SUNSET PLACE FEE OWNER, LLC (hereinafter "Defendant"), and as grounds alleges:

### JURISDICTION, PARTIES. AND VENUE

1. This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331 and 1343.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

3. Plaintiff, DOUG LONGHINI, is an individual over eighteen years of age, residing in Miami-Dade County, Florida, and is otherwise *sui juris*.

4. At all times material, Defendant, FRIT SHOPS AT SUNSET PLACE FEE OWNER, LLC, was and is a Foreign Limited Liability Company, with its principal place of business, agents, officers and/or offices in Rockville, Maryland.

5. At all times material, Defendant, FRIT SHOPS AT SUNSET PLACE FEE OWNER, LLC, owned a commercial retail shopping center located at 5701 SW 72nd Street, Miami, Florida (the "Mall Property"). The Mall property holds itself out to the public as "the Shops at Sunset Place."

6. Venue is properly located in the Southern District of Florida because Defendant's Mall Property that is the subject of this Action, is located in Miami-Dade County, Florida, and Defendant regularly conducts business within Miami-Dade County, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami-Dade County, Florida at the Mall Property.

## FACTUAL ALLEGATIONS

7. Although over twenty-seven (27) years have passed since the effective date of Title III of the ADA, Defendant has yet to make its Mall Property accessible to individuals with disabilities.

8. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendant continues to discriminate against people who are disabled in ways that block them from access and use of Defendant's Mall Property and the businesses therein.

9. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance

10.     Plaintiff, DOUG LONGHINI, is an individual with disabilities as defined by and pursuant to the ADA.   DOUG LONGHINI uses a wheelchair to ambulate. DOUG LONGHINI has very limited use of his hands and cannot operate any mechanisms which require tight grasping or twisting of the wrist.   He also has a great deal of trouble walking or otherwise ambulating without the use of a wheelchair.   He is limited in his major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching.

11.     Defendant, owns and operates the Mall Property which is located at 5701 SW 72nd Street, Miami, Florida that is the subject of this Action.   The subject Mall Property and the businesses located therein are open to the public, contain a myriad of different businesses that pay Defendants rent and are all located in Miami, Florida.   Defendant's property includes diverse shopping, entertainment and dinning options.

12.     The individual Plaintiff frequently visits the Mall Property and tenant businesses (including the related parking lots and common areas) to include visits on or about July 31, 2019, and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the Mall Property and businesses therein.   He often visits the Mall Property and businesses therein, when he is in the area visiting family and friends that reside nearby, and has definite plans to return to the Mall Property within one (1) month of the filing of this Complaint in order to avail himself of the myriad of goods and services offered to the public at the Mall Property, if it becomes accessible.

13.     Plaintiff visited the Mall Property and businesses located therein as a patron/customer, and intends to return to the commercial Mall Property in order to avail himself of the goods and services offered to the public at the Mall Property.   Plaintiff resides near the Mall Property, approximately ten (10) miles from the Mall Property, in the same state as the Mall Property, regularly frequents the Defendants' Mall Property for its intended purposes, and intends

to return to the commercial Mall Property within one (1) month's time.

14. The Plaintiff found the Mall Property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the subject commercial Mall Property, and wishes to continue his patronage and use of the commercial Mall Property and the business therein.

15. The Plaintiff, DOUG LONGHINI, has encountered architectural barriers that are in violation of the ADA, at the Mall Property. The barriers to access at Defendant's Mall Property have each denied or diminished Plaintiff's ability to visit the Mall Property and businesses therein and likewise endangered his safety. The barriers to access, which are set forth below, have accordingly posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, DOUG LONGHINI, and others similarly situated.

16. The consistent non-compliance throughout the Mall Property is indicative of a policy that ignores the Americans with Disabilities Act.

17. Defendant owns and operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation (the buildings and business property that is the subject of this Action for their violations of the ADA) that Defendant owns and operates, is the Mall Property referenced above.

18. Plaintiff, DOUG LONGHINI, has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described Mall Property, including, but not necessarily limited to the allegations in Paragraph 20 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Mall Property and businesses therein which are open to the public and in violation of the ADA. Plaintiff desires to visit the Mall Property not only to avail himself of the goods and services available at the Mall Property, but to also assure himself that

this commercial Mall Property is in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the commercial Mall Property without fear of discrimination.

19. Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the properties the businesses thereon, in a manner prohibited by 42 U.S.C. § 12182 et seq.

20. Defendant has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Defendant's commercial Mall Property and businesses therein, include, but are not limited to, the following:

**COMMON AREAS**

    A. Parking

i. The Plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces are located on an excessive slope. Violation: There are accessible parking spaces located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The Plaintiff had difficulty exiting the vehicle, as designated accessible parking space access aisles are located on an excessive slope. Violation: There are accessible parking space access aisles located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. There are accessible parking access aisles that are obstructed by objects. Violation: Accessible elements are not properly maintained or readily accessible and usable by persons with disabilities violating 28 CFR 36.211, whose resolution is readily achievable.

    B. <u>Entrance Access and Path of Travel</u>

i. There are protruding objects on the path of travel at the facility that present a hazard of colliding with them, violating Section 4.4.2 of ADAAG and Section 307.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The Plaintiff had difficulty traversing the path of travel, as there are cross slopes in excess of 2%. Violation: The path of travel contains excessive cross slopes in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes between sections of the facility. These are violations of the requirements in Sections 4.3.2(2), 4.3, and 4.5 of the ADAAG and Sections 206.2.2, 303, 402 and 403, whose resolution is readily achievable.

iv. The Plaintiff had difficulty entering tenant spaces without assistance, as the entrance thresholds are too high. Violation: There are threshold rises in excess of ½ inch at the tenant entrances, violating Section 4.13.8 of the ADAAG and Section 404.2.5 of the 2010 ADA Standards, whose resolution is readily achievable.

v. The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes from the public sidewalk and transportation stop. These are violations of the requirements in Sections 4.3.2(1), 4.3.8, 4.5.1, and 4.5.2 of the

      ADAAG and Sections 206.2.1, 302.1, 303, and 402.2 of the 2010 ADA Standards, whose resolution is readily achievable.

vi.   The Plaintiff had difficulty using ramps, as they are located on an excessive slope. Violation: Ramps at the facility contain excessive slopes, violating Section 4.8.2 of the ADAAG and Section 405.2 of the 2010 ADA Standards, whose resolution is readily achievable.

vii.   The Plaintiff had difficulty on the path of travel at the facility, as ramps do not have compliant handrails violating Section 4.8.5 of the ADAAG and Section 405.8 of the 2010 ADA Standards, whose resolution is readily achievable.

viii.   The Plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: There are changes in levels of greater than ½ inch, violating Sections 4.3.8 and 4.5.2 of the ADAAG and Section 303 of the 2010 ADA Standards, whose resolution is readily achievable.

ix.   The Plaintiff could not enter tenant spaces without assistance, as the required level landing is not provided. Violation: A level landing that is 60 inches minimum perpendicular to the doorway is not provided at accessible entrances violating Section 4.13.6 and Figure 25(a) of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

      C.  <u>Public Restrooms</u>

i.   The Plaintiff could not exit the restroom without assistance, as the required maneuvering clearance is not provided. Violation: The restroom door does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The Plaintiff could not use the accessible toilet compartment door without assistance, as it is not self-closing and does not have compliant door hardware. Violation: The accessible toilet compartment door does not provide hardware and features that comply with Sections 4.17.5 and 4.13.9 of the ADAAG and Sections 309.4 and 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The Plaintiff could not enter the restroom without assistance, as the required maneuvering clearance was not provided due to the location of a trashcan. Violation: The restroom door does not provide the required latch side clearance due to a lack of maintenance violating Section 4.13.6 of the ADAAG, 28 CFR 36.211, and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. The Plaintiff could not exit the restroom without assistance, as the required maneuvering clearance is not provided on the push side. Violation: The restroom door does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

v. The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully wrapped or maintained violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

**GameTime**

A. Entrance Access and Path of Travel

    i.    There are protruding objects on the path of travel at the facility that present a hazard of colliding with them, violating Section 4.4.2 of ADAAG and Section 307.4 of the 2010 ADA Standards, whose resolution is readily achievable.

    B.  <u>Access to Goods and Services</u>

i.    There are drinking fountains that don't provide access to those who have difficulty bending or stooping. Violation: There are drinking fountains that are in violation of Section 4.1.3(10) of the ADAAG and Sections 211.2 & 602.7 of the 2010 ADA Standards, whose resolution is readily achievable.

    C.  <u>Public Restrooms</u>

i.    The Plaintiff could not use the accessible toilet compartment door without assistance, as it is not self-closing and does not have compliant door hardware. Violation: The accessible toilet compartment door does not provide hardware and features that comply with Sections 4.17.5 and 4.13.9 of the ADAAG and Sections 309.4 and 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.    The Plaintiff could not use the coat hook without assistance, as it is mounted too high. Violation: There are coat hooks provided for public use in the restroom, outside the reach ranges prescribed in Sections 4.2.5, 4.2.6, and 4.25.3 of the ADAAG and Sections 308 and 604.8.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.    The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully wrapped or maintained violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

**<u>AMC Theaters</u>**

      A. <u>Access to Goods and Services</u>

i. There is seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The Plaintiff could not utilize the lowered bar counter, as it cluttered with objects. Violation: There are lowered bar counters that are not usable due to a lack of maintenance, violating 28 CFR 36.211, whose resolution is readily achievable.

**<u>Public Restrooms</u>**

i. The Plaintiff could not use the accessible toilet compartment door without assistance, as it is not self-closing and does not have compliant door hardware. Violation: The accessible toilet compartment door does not provide hardware and features that comply with Sections 4.17.5 and 4.13.9 of the ADAAG and Sections 309.4 and 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

**<u>Buffalo Wild Wings</u>**

      A. <u>Access to Goods and Services</u>

i. There is seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

      B. <u>Public Restrooms</u>

i. The Plaintiff could not use the coat hook without assistance, as it is mounted too high. Violation: There are coat hooks provided for public use in the restroom, outside the reach ranges prescribed in Sections 4.2.5, 4.2.6, and 4.25.3 of the ADAAG and Sections 308 and 604.8.3 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully wrapped or maintained violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

### Johnny Rockets

    A. Access to Goods and Services

i. There is seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

    B. Public Restrooms

i. The Plaintiff could not use the lavatory faucets outside the accessible toilet compartment without assistance, as they require a tight grasp and twist to operate. Violation: The lavatory faucets outside the accessible toilet compartment are not compliant violating Sections 4.19.5 and 4.27.4 of the ADAAG and Sections 309.4 and 606.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The Plaintiff could not use the accessible toilet compartment door without assistance, as it is not self-closing and does not have compliant door hardware. Violation: The accessible toilet compartment door does not provide hardware and features that comply with Sections 4.17.5 and 4.13.9 of the ADAAG and Sections 309.4 and 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully wrapped or maintained violating Section

   4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. The Plaintiff could not use the lavatory faucets without assistance, as they require a tight grasp and twist to operate. Violation: Compliant faucets are not provided at the lavatory violating Sections 4.19.5 and 4.27.4 of the ADAAG and Sections 309.4 and 606.4 of the 2010 ADA Standards, whose resolution is readily achievable.

v. The Plaintiff could not transfer to the toilet without assistance, as objects are mounted less than 12" above a grab bar obstructing its use. Violation: The grab bars in the accessible toilet compartment do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG and Section 609.3 of the 2010 ADA Standards, whose resolution is readily achievable.

vi. The Plaintiff was exposed to a cutting/burning hazard because the lavatories outside the accessible toilet compartment have pipes that are not wrapped. Violation: The lavatory pipes are not fully wrapped or maintained outside the accessible toilet compartment violating Section 4.19.4 of the ADAAG and Sections 213.3.4 & 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

vii. The Plaintiff had difficulty opening the restroom door without assistance, as the door pressure to operate the door was excessive. Violation: There are doors at the facility that require excessive force to open them, in violation of Section 4.13.11 of the ADAAG and Section 404.2.9 of the 2010 ADA Standards, whose resolution is readily achievable.

 **Barnes & Noble**

  A. <u>Access to Goods and Services</u>

i. There is seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

B. <u>Public Restrooms</u>

i. The Plaintiff was exposed to a cutting/burning hazard because the lavatories outside the accessible toilet compartment have pipes that are not wrapped. Violation: The lavatory pipes are not fully wrapped or maintained outside the accessible toilet compartment violating Section 4.19.4 of the ADAAG and Sections 213.3.4 & 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The Plaintiff could not use the accessible toilet compartment door without assistance, as it is not self-closing and does not have compliant door hardware. Violation: The accessible toilet compartment door does not provide hardware and features that comply with Sections 4.17.5 and 4.13.9 of the ADAAG and Sections 309.4 and 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully wrapped or maintained violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. The Plaintiff could not transfer to the toilet without assistance, as objects are mounted less than 12" above a grab bar obstructing its use. Violation: The grab bars in the accessible toilet compartment do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG and Section 609.3 of the 2010 ADA Standards, whose resolution is readily achievable.

**Splitsville**

    A. <u>Access to Goods and Services</u>

i. The Plaintiff could not utilize the bar counter, as it is mounted too high. Violation: There are bar counters that are not at the prescribed height, violating Section 4.32.4 and 5.2 of the ADAAG and Section 902.3 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. There is seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

    B. <u>Public Restrooms</u>

i. The Plaintiff was exposed to a cutting/burning hazard because the lavatories outside the accessible toilet compartment have pipes that are not wrapped. Violation: The lavatory pipes are not fully wrapped or maintained outside the accessible toilet compartment violating Section 4.19.4 of the ADAAG and Sections 213.3.4 & 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The Plaintiff could not exit the restroom area without assistance, as the required maneuvering clearance was not provided due to the location of a trashcan. Violation: The restroom area door does not provide the required latch side clearance due to a lack of maintenance violating Section 4.13.6 of the ADAAG, 28 CFR 36.211, and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The Plaintiff could not transfer to the toilet without assistance, as a trashcan obstructed the clear floor space. Violation: The required clear floor space is not provided next to the toilet,

      violating Section 4.16.2 & Figure 28 of the ADAAG, 28 CFR 36.211, and 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. The Plaintiff could not transfer to the toilet without assistance, as objects are mounted less than 12" above a grab bar obstructing its use. Violation: The grab bars in the accessible toilet compartment do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG and Section 609.3 of the 2010 ADA Standards, whose resolution is readily achievable.

v. The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully wrapped or maintained violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

vi. The Plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided in the restrooms are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

vii. The Plaintiff could not use the baby changing table without assistance as the handle is mounted too high. Violation: There are elements provided for public use in the restroom, with controls or operating mechanisms outside the reach ranges prescribed in Sections 4.2.5, 4.2.6, and 4.27.3 of the ADAAG and Sections 308 & 309.3 of the 2010 ADA Standards, whose resolution is readily achievable.

21. The discriminatory violations described in Paragraph 19 are not an exclusive list of the Defendant's ADA violations. Plaintiff requests an inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff

further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, DOUG LONGHINI, from further ingress, use, and equal enjoyment of the commercial Mall Property and businesses therein; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice.

22. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendant, Defendant's buildings, the businesses and facilities therein; and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

23. Defendant has discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

24. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

25. A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation, the Plaintiff and those similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff require an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

26. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

27. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the commercial Mall Property owned and operated by the Defendant, located in Miami, Florida, the interiors, exterior areas, and the common exterior areas of the property and businesses therein to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cures their violations of the ADA.

WHEREFORE, the Plaintiff, DOUG LONGHINI, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.;

(ii) Injunctive relief against Defendant including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: September 30, 2019

        **GARCIA-MENOCAL & PEREZ, P.L.**
        *Attorneys for Plaintiff*
        4937 S.W. 74th Court, No. 3
        Miami, FL 33155
        Telephone: (305) 553-3464
        Facsimile: (305) 553-3031
        Primary E-Mail: ajperezlaw@gmail.com
        Secondary E-Mail: aquezada@lawgmp.com
        ddunn@lawgmp.com


By: */s/ Anthony J. Perez*
     ANTHONY J. PEREZ
     Florida Bar No.: 535451